# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DALE CROWE, <br> Petitioner, | Civil Action No. 1:07-cv-988 |
| vs. | Beckwith, J. <br> Hogan, M.J. |
| TIMOTHY BRUNSMAN, WARDEN, <br> Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court on the petition (Doc. 1) and respondent's return of writ and exhibits thereto (Doc. 8), to which petitioner has not responded.

## I. PROCEDURAL HISTORY

The 2006 term of the Hamilton County Grand Jury indicted petitioner on one count of aggravated murder as defined in Ohio Revised Code § 2903.01(B), one count of murder as defined in Ohio Revised Code § 2903.02, and one count of aggravated robbery as defined in Ohio Revised Code § 2911.01(A)(3). (Doc. 8, Exh. 1, Case Number B-0601040). Petitioner was also indicted in a separate case on one count of engaging in a pattern of corrupt activity as defined in Ohio Revised Code § 2923.32 (A)(1), three counts of extortion as defined in Ohio Revised Code § 2905.11(A)(2), and one count of aggravated burglary as defined in Ohio Revised Code § 2911.11(A)(1). (Doc. 8, Exh. 2, Case Number B-0602694-A).

Initially, petitioner entered a plea of not guilty to all the charges. However, on May 3, 2006, petitioner entered a negotiated plea of guilty to one count of a reduced charge of involuntary manslaughter and one count of aggravated robbery under Case Number B-0601040, and one count of engaging in a pattern of corrupt activity under case number B-0602694. (Doc. 8, Exhs. 3, 4; Doc. 8, Exh. 18, Tr. 4, 23). The plea included an agreed sentence of nine years for involuntary

manslaughter, five years for aggravated robbery, and six years for engaging in a pattern of corrupt activity, to run consecutively, for a total sentence of 20 years. *Id.* Consistent with the agreed sentence, the trial court sentenced petitioner to consecutive sentences of nine years for involuntary manslaughter, five years for aggravated robbery, and six years for engaging in a pattern of corrupt activity for an aggregate term of 20 years imprisonment. (Doc. 8, Exhs. 5, 6; Doc. 8, Exh. 18, Tr. 31-32).

No appeal was taken within the 30-day time period provided by Ohio law. *See* Ohio App. R. 4(A).

On September 19, 2006, petitioner filed a pro se motion to withdraw guilty plea in the trial court. (Doc. 8, Exh. 7). On November 16, 2006, petitioner withdrew his motion. (Doc. 8, Exh. 8).

On May 31, 2007, petitioner filed a pro se motion for leave to file a delayed appeal from the trial court's judgment of conviction and sentence in the Ohio Court of Appeals, First Appellate District. (Doc. 8, Exh. 9). The State filed a memorandum in opposition. (Doc. 8, Exh. 10). On June 20, 2007, the Court of Appeals denied petitioner's motion on the ground that he "failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 8, Exh. 11).

Petitioner filed a timely pro se appeal to the Supreme Court of Ohio. (Doc. 8, Exhs. 12, 13) On October 24, 2007, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, Exh. 14).

On December 4, 2007, petitioner commenced the instant federal habeas corpus action. (Doc. 1). In the petition, petitioner asserts three grounds for relief:

> **GROUND ONE:** Petitioner was denied due process of law where he was not advised by the court of his appeal rights.

**Supporting Facts**: Petitioner was never advised by the court that he had a right to appeal the unlawful sentence imposed upon him, which deprived him of his due process right to access available appellate remedies.

**GROUND TWO:** Petitioner was deprived of effective counsel where counsel did not consult with him about available appeal.

**Supporting Facts**: Trial counsel never advised petitioner that he had a right to appeal the unlawful sentence imposed upon him, or consulted with the petitioner to see if petitioner would want to appeal, where any reasonable person whose sentence exceeded the statutory maximum by seventeen years would reasonably want to appeal.

**GROUND THREE:** Petitioner's right to due process of law was violated by the imposition of consecutive sentences absent statutory authority or subject matter jurisdiction to do so.

**Supporting Facts**: The Ohio Supreme Court excised all available statutes that permitted consecutive sentencing, depriving a trial court of subject matter jurisdiction to impose consecutive sentences, yet petitioner was sentenced to multiple consecutive terms of incarceration.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

3

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall*, 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.* Since the Ohio Court of Appeals summarily denied petitioner's motion for a delayed appeal, and the Supreme Court of Ohio declined jurisdiction to consider petitioner's appeal, there is no court decision to evaluate in light of 28 U.S.C. § 2254, and the Court therefore will conduct its own deferential review.

## III. GROUND ONE OF THE PETITION IS WITHOUT MERIT

Ground One of the petition asserts that petitioner was denied due process when the trial court failed to advise him of his appeal rights. Petitioner contends he was never advised by the court that he had a right to appeal the "unlawful sentence" he received pursuant to the plea agreement.

To the extent petitioner may be arguing his rights were violated when the trial court failed to advise him of his appeal rights pursuant to Ohio Crim. R. 32,[1] this allegation of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Thus, to the extent petitioner claims the trial court erred by not complying with the dictates of Ohio Crim. R. 32, his claim is not cognizable in federal habeas corpus.

Petitioner's federal constitutional claim is without merit. Although the Constitution does not require states to grant appeals as of right to criminal defendants seeking review of alleged trial errors, once a state does provide the right to appeal following a criminal conviction, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection. *Evitts v. Lucey*, 469 U.S. 387, 393, 403 (1985); *see also Douglas v. California*, 372 U.S.

---

[1] Rule 32 provides in relevant part, "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Ohio Crim. R. 32(B)(2).

5

353, 356-57 (1963); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *cf. Halbert v. Michigan*, 545 U.S. 605, 610, 616-23 (2005) (holding that the Due Process and Equal Protection Clauses require the appointment of counsel for indigent defendants seeking first-tier review of guilty or *nolo contendere* pleas in the intermediate state court of appeals, whose function is to review and "correct errors made by the lower courts," even though such review is discretionary under state law). It is well-settled that the Constitution is violated if a criminal defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel *or* the court to advise him of his right to appeal with the aid of counsel." *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970) (emphasis added); *see Henderson v. Cardwell*, 426 F.2d 150, 154 (6th Cir. 1970); *Hall v. Yanai*, 197 Fed. Appx. 459, 460 (6th Cir. Sept. 27, 2006) (not published in Federal Reporter), *cert. denied*, 127 S.Ct. 2944 (2007). *See also Wolfe v. Randle*, 267 F. Supp.2d 743, 746-748 (S.D. Ohio 2003) ("[D]ue process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights."). Nevertheless, a court's "failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Peguero v. United States*, 526 U.S. 23, 24 (1999). Petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974), *cert. denied*, 421 U.S. 919 (1975).

In the instant case, petitioner signed two guilty plea agreements indicating he had been advised of his right to appeal and of the time limit for filing an appeal:

> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advise, counsel, and competence. I am not under the influence of drugs or alcohol at this time. I have not been forced or threatened in any way to cause me to sign and offer this plea.
>
> I understand by pleading guilty I give up my constitutional rights to a jury trial, to

6

confront witnesses against me, to have subpoenaed witnesses in my favor, and to require the state to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself.

I understand that my plea of Guilty is a complete admission of my guilt of the charge(s) against me. I know the judge may either sentence me today or refer my case for a presentence report. *I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence.*

(Doc. 8, Exh. 3 at 2, Exh. 4 at 2) (emphasis added). In addition, the guilty plea and sentencing transcript confirms that petitioner read, understood, and discussed with his counsel the guilty plea entries cited above. (Doc. 8, Exh. 18 at 17-19). Petitioner stated on the record that he was satisfied with his attorneys' advice and counsel. (Doc. 8, Exh. 18 at 23). Based on the above, it is clear that petitioner was informed and aware of his appellate rights. *See Warren v. Warden*, 2008 WL 1732976, *4, *12 -13 (S.D. Ohio 2008).

In any event, to prevail on his federal constitutional claim, petitioner must first demonstrate that under Ohio law he was granted the right to appeal a sentence that was imposed in accordance with the express terms of the parties' plea agreement. For the reasons that follow, petitioner did not have a right under Ohio law to appeal his sentence under the circumstances of this case.

Under Ohio law, a sentence which is agreed to by both the prosecution and the defendant, authorized by law, and actually imposed by the sentencing judge is not subject to appellate review. *State v. Mathis*, 109 Ohio St.3d 54, 59, 846 N.E.2d 1, 6 (2006); *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690, 691 (2005) (syllabus); Ohio Rev. Code § 2953.08(D)[2]. "A jointly recommended

---

[2] Ohio Revised Code § 2953.08 provides in pertinent part:

(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

7

sentence is 'authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose."*Rockwell v. Hudson,* 2007 WL 892985, *6 (N.D. Ohio 2007) (quoting *State v. McMillen,* No. 01CA564, 2002 WL 1370655, at *2 (Ohio Ct. App. June 13, 2002) (citing cases)). *See also Cornell v. Jeffries,* No. 2:05cv948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (Smith, J.) (unpublished) (and numerous Ohio cases cited therein). Therefore, unless petitioner's sentence was "not authorized by law," it appears that he waived his right to appeal his sentence.

In this case, the record does not reflect that petitioner's aggregate 20 year sentence was unauthorized by law since it did not exceed maximum terms permitted under the statutes of conviction. Petitioner's sentences did not exceed the statutory maximum term for his involuntary manslaughter, aggravated robbery, and engaging in a pattern of corrupt activity convictions.[3] Thus, petitioner was not denied his constitutional right of appeal because Ohio Rev. Code § 2953.08(D) expressly precluded review of the agreed-to sentence authorized by Ohio law and imposed by the trial judge in this case. *See Chatman v. Wolfe,* 2007 WL 2852341 (S.D. Ohio Oct. 1, 2007).

To the extent petitioner alleges his sentence was not "authorized by law" within the meaning of Ohio Rev. Code § 2953.08(D) because the trial court imposed consecutive sentences without statutory authority as asserted in Ground Three of the petition, this claim is without merit as discussed below.

Accordingly, petitioner is not entitled to habeas corpus relief on Ground One of the petition.

---

[3] The involuntary manslaughter conviction carried a potential sentence of 3 to 10 years; petitioner was sentenced to 9 years. The aggravated robbery conviction carried a potential sentence of 3 to 10 years; petitioner was sentenced to 5 years. The engaging in a pattern of corrupt activity carried a potential sentence of 3 to 10 years; petitioner was sentenced to 6 years. *See* Ohio Rev. Code § 2929.14(A)(1) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.").

8

## IV. GROUNDS TWO AND THREE ARE WITHOUT MERIT.

Ground Two of the petition asserts that petitioner was denied the effective assistance of trial counsel because counsel failed to consult with him about an available appeal. Petitioner alleges that counsel never advised petitioner that he had a right to appeal the "unlawful sentence" imposed by the court nor consulted with petitioner to determine whether petitioner wished to appeal his sentence. Ground Three asserts the imposition of consecutive sentences was "unlawful" in the absence of statutory authority or subject matter jurisdiction to do so.

To the extent that petitioner contends he is entitled to relief because his trial counsel failed to either consult with him about his appeal options or file a timely appeal on his behalf, his allegations are insufficient to give rise to an actionable claim in this habeas corpus proceeding.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that in cases where counsel consults with the defendant about an appeal, counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe*, 528 U.S. at 478. The Court further held that in cases where counsel has not consulted with the defendant about an appeal, such failure to consult amounts to "professionally unreasonable" conduct only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 478, 480.

Petitioner has not demonstrated that his counsel's conduct was ineffective to the extent counsel consulted with petitioner about an appeal. Petitioner has never indicated that he expressly instructed his trial attorneys to appeal his sentence as required under *Roe*. Indeed, although it is

9

clear from the record that petitioner was informed of his right of appeal to be exercised within 30 days of sentencing, there is no evidence in the record even remotely suggesting that petitioner ever conveyed to his counsel or the trial court his desire to exercise that right. Therefore, petitioner is unable to demonstrate that his trial counsel provided ineffective assistance by failing to file a timely appeal on his behalf.

In addition, petitioner has not shown that his counsel failed to consult him about an appeal where there is reason to think that a rational defendant would want to appeal. In deciding whether a rational defendant would want to appeal, a "highly relevant factor ... will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Roe*, 528 U.S. at 480. Other factors include "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Roe*, 528 U.S. at 480.

Here, by virtue of the agreed-to sentence imposed by the trial court and the operation of Ohio Rev. Code § 2953.08(D), petitioner had no right to appeal a sentence authorized by law. The only argument advanced by petitioner for an appeal of his sentence is that asserted in Ground Three of the petition: that the trial court was without statutory authority to impose consecutive sentences and therefore lacked jurisdiction to impose consecutive sentence. (Doc. 1 at 9; *see also* Doc. 8, Exh. 13 at 3). Petitioner argues that since the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied*, 127 S.Ct. 442 (2006), excised the provision of the Ohio statute which permitted consecutive sentences, the trial judge was without the authority to impose consecutive sentences.

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the United States Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional

11

under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Ohio Supreme Court determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was sentenced in May of 2006, *Foster* had already been decided and was applicable to his sentencing. Thus, the trial judge had full discretion to impose consecutive prison terms without the necessity of judicial fact-finding when he sentenced petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98. *See also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n. 1 (6th Cir. 2007). The trial court imposed the consecutive sentences to which petitioner agreed as set forth in the plea agreements. Such sentences were permissible in the absence of judicial fact-finding pursuant to the *Foster* decision and did not violate petitioner's constitutional rights. Therefore, Ground Three of the petition is without merit and should be denied.

Because Ground Three of the petition is without merit, it was not constitutionally ineffective

12

assistance of counsel to conclude that a rational defendant in petitioner's situation would not want to appeal an agree-to consecutive sentence under the circumstances of this case.

Finally, the record does not show that petitioner reasonably demonstrated his interest in appealing his conviction or sentence. Petitioner chose to enter a guilty plea to reduced charges in exchange for the imposition of an agreed-to consecutive 20 year prison term and the dismissal of other criminal charges. Although petitioner was informed of his right of appeal, there is no indication in the record that he ever expressed an interest in pursuing an appeal. Thus, petitioner has failed to show he reasonably demonstrated to trial counsel that he was interested in appealing. *Roe*, 528 U.S. at 480. Thus, petitioner's trial counsel had no constitutional obligation to file a notice of appeal for him.

In the absence of any evidence indicating a rational defendant in petitioner's circumstances would have wanted to appeal his conviction or sentence, petitioner has not demonstrated (1) that his counsel acted unreasonably to the extent he may not have consulted with petitioner about his appeal "options," or (2) that he was "prejudiced" by such conduct to the extent no "reasonable probability [exists] that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed" his conviction or agreed-to sentence. *Cf. Roe*, 528 U.S. at 484-86; *United States v. Lovell*, 83 Fed. Appx. 754, 759-60 (6th Cir. Dec. 8, 2003) (not published in Federal Reporter), *cert. denied*, 541 U.S. 1035 (2004). Therefore, petitioner is not entitled to habeas corpus relief based on the ineffective assistance claim alleged in Ground Two of the petition.

Accordingly, the claims alleged in Grounds Two and Three of the petition should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1)

should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/16/05

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DALE CROWE,
    Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-988

Beckwith, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within fifteen (15) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( *Printed Name* ) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dale Crowe #519-303<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes | |
| 2. Article Number<br>*(Transfer from service label)* | 7007 0710 0000 8134 9960 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:07cv988 Doc. 9